IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SALVADOR RAMERIZ and MIGUEL ANGEL CHAVEZ,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING THE GOVERNMENT'S MOTIONS IN LIMINE REGARDING THE CRIMINAL HISTORIES OF GOVERNMENT WITNESSES AND DEFENDANTS<br><br><br>Case No. 2:09-CR-784 TS |

In two motions, the government moves for rulings on the extent to which the criminal histories of the government witnesses and Defendants are admissible under Fed. R. Evid. 609. There have been no responses from Defendants.

Rule 609(a)(1) of the Federal Rules of Evidence provides:

(a) General Rule.—For the purpose of attacking the character for truthfulness of a witness,

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess

1

of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

(b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction . . . unless the court determines, in the interests of justice, that the probative value of the conviction . . . .

Fed. R. Evid. 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Court finds that the following criminal histories of the following individuals are admissible:

- Defendant Miguel Angel Chavez's 2001 felony conviction for forgery in California under Fed. R. Evid. 609(a)(2);

- Defendant Henry Macias Medina's 2009 misdemeanor conviction for providing false information to law enforcement under Fed. R. Evid. 609(a)(2);

- Defendant Adrian Montalvo-Castelan's 2004 felony drug conviction for impeachment purposes under Fed. R. Evid. 609(a)(1);

- Danny Karren's convictions as follows for impeachment purposes under Fed. R.

Evid. 609(a)(1): (A) 2001 felony conviction for wanton destruction of protected wildlife; (B) 2004 felony conviction for possession of a firearm by a restricted person; (C) 2004 felony conviction for a DUI; (D) 2004 felony/misdemeanor convictions for four counts of fraud—illegal use of credit cards; (E) 2005 felony conviction for items prohibited in a correctional health facility; and (F) 2008 felony conviction in Utah for fraud—illegal use of credit cards.

The Court further finds that the use of the convictions for impeachment shall be generally limited to information about the nature of the crimes of conviction and the punishment. Counsel shall not inquire into any specific facts and circumstances underlying the convictions without first seeking a ruling on the issue outside of the hearing of the jury.[1] It is therefore

ORDERED that the government's Motion in Limine Regarding the Criminal Histories of Government Witnesses (Docket No. 248) and the government's Motion in Limine Regarding the Criminal Histories of Defendants (Docket No. 249) are GRANTED as set forth above.

DATED November 12, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[1] *See United States v. Lopez-Medina*, 596 F.3d 716, 738 (10th Cir. 2010) (finding "no abuse of discretion in the court's decision to prohibit Lopez-Medina from eliciting the specific facts and circumstances underlying [the witness'] prior conviction").