IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>v.<br><br>ROMALDO MENDOZA-MENDOZA,<br><br>                      Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT<br><br><br>Case No. 2:09-CR-784 TS |

This matter is before the Court on Defendant Romaldo Mendoza-Mendoza's Pro Se Motion under Apprendi's Law to Dismiss the Indictment.[1] The Government has not responded to Defendant's Motion and the time allotted for filing any such response has now passed. For the reasons stated more fully below, the Court will deny Defendant's Motion.

I. BACKGROUND

On October 14, 2009, Defendant was charged by criminal Indictment with (1) manufacturing a controlled substance by cultivation, a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (2) conspiracy to manufacture a controlled substance by cultivation, a violation of 21 U.S.C. § 812 and 21 U.S.C. § 846; (3) illegal alien in possession of a firearm, a violation of 18 U.S.C. § 922(g)(5)(A); and (4) possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A). Count I of the Indictment states:

---

[1] Docket No. 380.

1

> On or about September 15th, 2009, in the Central Division of the District of Utah, ROMALDO MENDOZA-MENDOZA, a defendant herein, did knowingly and intentionally manufacture a controlled substance by cultivation, to wit: marijuana, a Schedule I controlled substance, in the quantity of 1,000 or more plants, and did aid and abet therein, all in violation of 21 U.S.C § 841(a)(1) and 18 U.S.C. § 2 and punishable by 21 U.S.C. § 841(b)(1)(A).[2]

Defendant entered a plea of guilty to Counts I, IV, and V of the Indictment on February 8, 2010. In his Statement in Advance of Plea, Defendant acknowledged that the elements for Count I, manufacture of a controlled substance by cultivation, included the following: "(1) defendant knowingly or intentionally manufactured marijuana; and (2) the amount of marijuana manufactured by defendant was at least 1,000 plants."[3] Defendant went on to state that the following facts provided the basis for the Court to accept his guilty plea and to calculate the sentence in his case: "On or about September 15th, 2009, in the Central Division of the District of Utah, I knowingly and intentionally manufactured (and aided and abetted others in manufacturing) more than 1,000 marijuana plants by cultivation. My conduct constitutes a violation of 21 U.S.C. § 841(b)(1)(A)."[4]

Defendant was sentenced on December 6, 2010, to a term of 90 months in the custody of the Bureau of Prisons to be followed by a term of 60 months' supervised release. The Judgment was entered on December 10, 2010. Defendant did not appeal the sentence rendered. Defendant filed the instant Motion on November 11, 2013.

---

[2] Docket No. 73, at 2.

[3] Docket No. 119, at 1.

[4] *Id.* at 4.

## II. DISCUSSION

Defendant argues that the Indictment should be dismissed in this case under Federal Rule of Criminal Procedure 7(c)(1)(B)(3) and *Apprendi v. New Jersey*[5] because the Indictment did not contain notice of the type and amount of drugs at issue. Because Defendant's Motion attacks the validity of his conviction, the Court construes this as a motion under 28 U.S.C. § 2255.[6]

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[7] Section 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Judgment was entered in this case on December 10, 2010. Defendant did not file a direct appeal. Pursuant to § 2255(f)(1), Defendant had one year from the time his judgment became final to file a § 2255 motion. Defendant filed the instant Motion on November 12, 2013—nearly three years after the judgment became final. Thus, Defendant's Motion was not filed until well

---

[5] 530 U.S. 466 (2000).

[6] *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The Court recognizes that generally the Court must notify a litigant if it intends to re-characterize the pleading as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003). In this case, however, lack of notification of the re-characterization will not prejudice Defendant because the deadline for filing a § 2255 motion expired prior to the filing of this Motion. *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004).

[7] *See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

after the time period provided in § 2255(f)(1) expired. Therefore, to the extent Defendant seeks to state a claim under § 2255, any such claim is time-barred.

In addition to being time-barred, Defendant's Motion fails because Defendant waived his ability to challenge his sentence in his Statement in Advance of Plea.[8] The Tenth Circuit has held that

> such waivers generally are enforceable, with regard to both direct appeals and collateral attacks. [A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made.[9]

"These appeal waiver provisions lose their enforceability when the voluntariness of the plea itself is being challenged or when the petitioner claims ineffective assistance of counsel with regard to negotiating or entering the plea agreement itself."[10]

In the instant case, Defendant has not claimed that his counsel was ineffective or that his entry into the plea agreement and waiver was unknowing or involuntary. Accordingly, Defendant waived his right to file the instant Motion in his Statement in Advance of Plea.

Even were the Court to reach the merits of Defendant's claim as a motion under § 2255, it would nevertheless deny Defendant's Motion. Defendant asserts that the Indictment should be dismissed because Count I of the Indictment does not set out the "type and amounts of the

---

[8] *See* Docket No. 119, at 6 ("I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ, or other procedure, including but not limited to a motion under 28 U.S.C. § 2255 . . . .").

[9] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[10] *Aderhold v. United States*, 2007 WL 1225504, at *2 (D. Utah April 24, 2007) (citing *Cockerham*, 237 F.3d at 1187).

prohibited drug [and] the range of penalties" as required by *Apprendi*.[11] Contrary to Defendant's assertion, Count I of the Indictment specifically charged Defendant with cultivating "marijuana, a Schedule I controlled substance, in the quantity of 1,000 or more plants . . . in violation of 21 U.S.C § 841(a)(1) and 18 U.S.C. § 2 and punishable by 21 U.S.C. § 841(b)(1)(A)."[12] In his Statement in Advance of Plea, Defendant stated that he "knowingly and intentionally manufactured (and aided and abetted others in manufacturing) more than 1,000 marijuana plants by cultivation" and that his "conduct constitutes a violation of 21 U.S.C. § 841(b)(1)(A)."[13] These facts support the imposition of his sentence under § 841(b). Thus, the charging instrument in this case included an express description of the type and amount of controlled substances at issue and the Court did not find facts that affected the imposition of Defendant's sentence.

In sum, the Court is without jurisdiction to hear Defendant's Motion because it is time-barred and, even if the Court had jurisdiction to hear Defendant's Motion—and his claims were not waived—Defendant fails to state a claim for relief.

### III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendant's Pro Se Motion under Apprendi's Law to Dismiss the Indictment (Docket No. 380) is DENIED.

---

[11] Docket No. 380, at 1.

[12] Docket No. 73, at 2.

[13] *Id.* at 4.

5

DATED March 20, 2014.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge